United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30841
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENT P. DOUCET,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-62-ALL-B-M1
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brent P. Doucet appeals his convictions for possession of an unregistered firearm and possession of marijuana. See 28 U.S.C. §§ 5861(d), 5871; 21 U.S.C. § 844(a). He argues that he did not voluntarily consent to the search of his apartment, and therefore the district court erred in denying his motion to suppress.

This court examines the voluntariness of consent using a six-factor test: "1) the voluntariness of the defendant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

custodial status; 2) the presence of coercive police procedures; 3) the extent and level of the defendant's cooperation with the police; 4) the defendant's awareness of his right to refuse consent; 5) the defendant's education and intelligence; and 6) the defendant's belief that no incriminating evidence will be found." United States v. Jones, 234 F.3d 234, 242 (5th Cir. 2000). No single factor is dispositive. See id.

Normally, the district court's factual findings are reviewed for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action is reviewed de novo. See United States v. Hunt, 253 F.3d 227, 229-30 (5th Cir. 2001). Where, as here, the district court did not enter findings of fact in denying a motion to suppress, this court "must independently review the record to determine whether any reasonable view of the evidence supports admissibility." United States v. Yeagin, 927 F.2d 798, 800 (5th Cir. 1991); see also United States v. Montos, 421 F.2d 215, 219 n.1 (5th Cir. 1970).

Although there is differing testimony regarding some events surrounding Doucet's written consent to search, our independent review of the record persuades us that a reasonable view of the evidence supports a finding of voluntary consent and a conclusion that the seized evidence was admissible. See Yeagin, 927 F.2d at 800.

AFFIRMED.